IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff, | : | Case No. 1:99-cr-103 |
| v. | : | Judge Susan J. Dlott |
| Derrick Holmes, | : | Order Denying Petition to Expunge |
| Defendant. | : | |

This matter is before the Court on *pro se* Defendant Derrick Holmes's petition to expunge his criminal record. (Doc. 39.) For the reasons that follow, the petition will be **DENIED**.

I.

On February 3, 2000, Holmes pleaded guilty to knowingly using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 17.) The Court sentenced him to 84 months in prison. (Doc. 26.) In a letter dated September 26, 2025, Holmes petitioned the Court to "expunge the one record that [he has] on file." (Doc. 39 at PageID 3.) He seeks to move to Mexico with his wife, who is a Mexican citizen, and asserts that his criminal record "would prevent [him] staying in Mexico." (*Id.*)

Before the Court can consider the merits of Holmes's petition, it must first consider the fundamental question of whether it has jurisdiction over the petition. "As courts of limited jurisdiction, federal courts possess only that power authorized by Constitution and statute and may not expand that power by judicial decree." *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (cleaned up), rehearing and rehearing *en banc* denied (Oct. 4, 2010). The burden lies with the party requesting an expungement to establish the district court has jurisdiction. *United*

*States v. Fourtounis*, No. 1:10-CR-00090, 2018 WL 6267757, at *1 (N.D. Ohio Nov. 30, 2018). Within the Sixth Circuit, there are two possible avenues for jurisdiction over a petition or motion to expunge: a statutorily-grounded permission to expunge or the limited doctrine of ancillary jurisdiction.[1] *United States v. Field*, 756 F.3d 911, 914–915 (6th Cir. 2014). The Court will address each in turn.

As to the first avenue, "Congress has not passed any statute granting the district courts general authority to expunge an otherwise valid criminal conviction." *United States v. Williams*, No. 1:04-cr-126(14), 2015 WL 13528895, at *1 (S.D. Ohio Mar. 10, 2015) (quoting *United States v. Welch*, No. 1:05-cr-158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007)). Congress has, however, enacted certain federal statutes "explicitly permit[ting] the expungement of criminal records under limited circumstances." *Fourtounis*, 2018 WL 6267757, at *1; *see also United States v. Belfer*, No. 1:62-CR-321, 2018 WL 3374069, at *2 (N.D. Ohio July 11, 2018) (listing statutory examples). Here, Holmes has not pointed to, nor is the Court aware of, any statute explicitly authorizing expungement in the circumstances presented. Thus, the Court lacks a statutory basis for exercising jurisdiction.

Even in the absence of direct statutory authority, a district court may entertain a request to expunge under the narrow doctrine of ancillary jurisdiction. Ancillary jurisdiction involves "proceedings that are related to, but technically separate from, the original case over which the court had subject-matter jurisdiction." *Fourtounis*, 2018 WL 6267757, at *2. "A district court's ancillary expungement power is rarely exercised[.]" *United States v. Ross*, No. 3:97-CR-44-

---

[1] A federal court also possesses jurisdiction when the court has original jurisdiction under 18 U.S.C. § 3231, which confers jurisdiction for "all offenses against the laws of the United States." *Lucido*, 612 F.3d at 873–874. Because a "motion for expungement is a request for an equitable form of relief seeking to alter public records" and "does not involve an offense against the United States," 18 U.S.C. § 3231 does not provide a basis for jurisdiction over a motion to expunge. *United States v. Daniels*, No. 03-50015, 2016 WL 4168647, at *1 (E.D. Mich. Aug. 8, 2016).

RGJ, 2021 WL 2908114, at *2 (W.D. Ky. July 9, 2021). The Sixth Circuit held in *Field* that federal courts "retain ancillary jurisdiction over motions challenging an unconstitutional conviction," but "lack ancillary jurisdiction over motions for expungement based on purely equitable considerations." 756 F.3d at 916; *see also United States v. Valueland Auto Sales, Inc.*, 847 F. App'x 344, 346 (6th Cir. 2021) ("[D]istrict courts don't have jurisdiction over motions for expungement premised solely on equitable considerations."). Thus, "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, No. 94-1945, 1996 WL 107129, at *2 (6th Cir. Mar. 8, 1996); *see also United States v. Whitson*, No. 2:99-CR-071, 2006 WL 2645139, at *1 (S.D. Ohio Sept. 14, 2006) ("While expungement may be warranted in cases in which the conviction was obtained illegally or through governmental misconduct, or in cases involving convictions under statutes later deemed unconstitutional, expungement of a *valid* conviction is rarely, if ever, warranted.") (emphasis in original). And even if a motion for expungement challenges an unconstitutional conviction, exercising ancillary jurisdiction must "enable the court to manage its proceedings, vindicate its authority, and effectuate its decrees." *Field*, 756 F.3d at 916 (citation omitted).

The Court finds that it lacks ancillary jurisdiction over Holmes's petition as well. First, Holmes has not identified any ground permitting the assertion of ancillary jurisdiction. No claim of a constitutional nature is presented, and Holmes does not challenge the legality of his conviction. His petition is premised on equitable grounds: he cannot move to Mexico with his Mexican wife if he has a criminal record. The Court is bound by Sixth Circuit precedent, and, as such, may not assert ancillary jurisdiction based on this equitable consideration. *See, e.g.*, *Field*,

756 F.3d at 916; *United States v. Fortunato*, No. 92-CR-80654, 2021 WL 493357, at *2 (E.D. Mich. Feb. 10, 2021) (denying motion to expunge due to lack of jurisdiction where movant claimed her criminal record prevented her from obtaining employment); *United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017) (same).  And second, with the Court having entered final judgment in this case twenty-five years ago, the Court is unable to discern how the exercise of jurisdiction over the petition would allow it "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Field*, 756 F.3d at 916; *see also United States v. Thomas*, No. 1:06CR321, 2020 WL 1171612, at *2 (N.D. Ohio Mar. 11, 2020) (reaching same conclusion based on fourteen-year-old conviction).

## II.

The Court recognizes the inherent difficulties all ex-convicts face in trying to put the past behind them and move on with their lives, but the Court ultimately lacks the authority to grant Holmes the requested relief.  Accordingly, Holmes's petition to expunge (Doc. 39) is **DENIED**.

**IT IS SO ORDERED**.

S/Susan J. Dlott  
Judge Susan J. Dlott  
United States District Court